UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III :
:
:
v. : C.A. No. 08-
:
:
EDWARD C. ROY, JR. : 08 241

VERIFIED COMPLAINT

1. This is a civil action for declaratory and injunctive relief brought under the Civil Rights Act of 1871. The court has jurisdiction pursuant to 28 USC § 1343(a)(3), and venue is laid in the district of Rhode Island pursuant to 28 USC § 1391(b),

2. Plaintiff was a citizen and resident of Rhode Island at the time of the acts complained of.

3. Defendant is a citizen and resident of Rhode Island and member of the RI Bar Assn.

4. In Feb.-March 1999, the parties formed an attorney-client relationship whereby Defendant agreed to defend Plaintiff in two criminal proceedings captioned State v. D'Amario, No. P2/96-0548A (R.I.Super.), and U.S. v. D'Amario, No. CR 99-024 (D.R.I.).

5. Defendant was counsel of record in the above cases into July 2000.

6. While counsel of record, and in the years subsequent to July 2000, Defendant accumulated voluminous files connected to both cases, consisting of court records, evidentiary materials, letters, memos, e-mails, faxes, phone messages, summaries of interviews, his own personal notes and other documents. All such documentation remains in the possession of Defendant.

7. Since the formal relationship between the parties terminated in 2000, Plaintiff has sought to vacate the judgments entered against him in both cases

by alleging ineffective assistance from Defendant, in violation of the Sixth Amendment right to counsel.

8. Since 2000, and continuing into 2008, Plaintiff has regularly and frequently demanded from Defendant all of the materials identified in ¶6 above, including Defendant's work product.

9. Since 2000, Defendant has provided to Plaintiff only a fraction of the file from No. CR 99-024, nothing from the file in No. P2/96-0548A, and none of his work product.

10. As the ex-client who is continuing to seek postconviction relief, Plaintiff is the lawful owner of Defendant's entire files and work product, but is suffering harm and severe prejudice by Defendant's unreasonable and unlawful denial of those case files.

11. On June 27, 2000, Defendant agreed to become a prosecution witness against Plaintiff, and later testified against the ex-client before a grand jury in Newark, NJ, on or about May 17, 2001, and before a petit jury at Camden, NJ, on Nov. 29, 2001 (No. CR 01-346-JEI).

12. As a government witness against Plaintiff, Defendant accumulated additional records and notes related to the NJ prosecution, which he did not disclose to NJ prosecutors and which were never produced to Plaintiff's Camden defense lawyers. Those notes and records are potentially exculpatory.

13. On May 22, 2000, Defendant created additional records when he consulted by phone with officials at FCI Fort Dix on how to calculate Plaintiff's jail credit. Those records relate to the NJ criminal proceedings.

14. On or about April 1999, Defendant made records concerning his consultation with NH Trial Lawyers Assn. about Judge DiClerico's character.

15. On or about May 6, 1999, Defendant subpoenaed from Attleboro Police Dept. two anonymous greeting cards that Plaintiff had been falsely accused of authoring in the above cases. Those cards belong to Plaintiff.

16. In 2000 to 2008, Plaintiff persistently sought intervention to retrieve his files from Defendant through the RI Disciplinary Board.

17. Disciplinary Counsel is a personal friend of Defendant who will not even docket a complaint from Plaintiff and won't enforce the RI Rules of

Professional Practice, nor will the RI Supreme Court accept a complaint against either Defendant or Disciplinary Counsel, leaving Plaintiff with no alternative remedy.

18. When deciding in 2000 to deprive Plaintiff of his legal property to prejudice him in future postconviction litigation, Defendant was serving as an agent of the state. Defendant was then a RI State Police attorney, an FBI mole, and a state police informant, or "snitch." Defendant has been willfully and maliciously obstructing justice in Plaintiff's cases to benefit state police with the expectation that the government will reward him with support in his bid for a RI judgeship. Defendant is a state actor who is denying Plaintiff his property and right of full access to the courts as secured by the First Amendment.

19. Defendant is engaged in a conspiracy with state police and federal prosecutors to obstruct, by force, the administration of justice in Plaintiff's postconviction cases by denying him all of the property described above, and by proffering perjurious statements to the courts so that judges in the RI and NJ proceedings rely on fictitious sets of "facts." Defendant's conduct will continue until this court intervenes.

20. Plaintiff reserves his right to sue Defendant for malpractice damages in a state forum until discharged from prison. R.I.G.L. § 9-1-19.

WHEREFORE, Plaintiff requests Judgment as follows:

A. That this court order Defendant to promptly produce to Plaintiff all of the property and items described above, under 42 USC §§ 1983 and 1985(2);

B. For his costs of suit incurred and attorney fees, if any;

C. That this court award such other and further relief as it may find to be appropriate;

D. That, if necessary, the court invoke jurisdiction under 28 USC § 1332, as Plaintiff was expelled from Rhode Island by Judge Smith in 2003 and lives in exile.

I declare under penalty of perjury that the foregoing is true.

EXECUTED ON: June 12, 2008.

Arthur D'Amario III
#02989-070
FCI Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Plaintiff requests a non-jury trial.