UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTHUR D'AMARIO, | ) |
| | ) |
| v. | ) C.A. No. 08-241ML |
| | ) |
| EDWARD C. ROY, JR., | ) |

**RECOMMENDED DECISION**
**DENYING IN FORMA PAUPERIS APPLICATION**
**And**
**RECOMMENDING DISMISSAL OF THE CASE**

Arthur D'Amario, an inmate at a federal prison facility, has filed a civil rights complaint against Edward C. Roy, Jr., an attorney who represented him in at least two criminal proceedings in the State of Rhode Island, one in state court and one in federal court. The conduct complained of occurred in 1999-2000. Section 1915(g) of title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). D'Amario has three strikes. See In re D'Amario, Civ. No. 1:07-CV-00324, 2008 WL 2471822, * 1 (D.N.H. June 13, 2008) (concluding that D'Amario has three strikes under 28 U.S.C. § 1915(g)). Thus his application to proceed in forma pauperis must be denied. However, even if D'Amario were not subject to the "three strikes" provision, I would deny the current application because he has not submitted a certified copy of his inmate trust account and the copy he submitted covers the period from September 3, 2007 until November 9, 2007, more than six months out of date. The relevant numbers are his trust account balances for the last six months.

Of course, D'Amario may pay the $ 350.00 filing fee should he choose to do so. If he were to do so the complaint might still be subject to dismissal for a host of reasons, including, but not limited to, lack of subject matter jurisdiction because the defendant's attorney is usually not a state actor within the meaning of 42 U.S.C. § 1983. The allegation that Roy was "then a RI State Police attorney, an FBI mole, and a state police informant, or 'snitch'" just might not withstand Federal Rule of Civil Procedure 11 scrutiny. Of course, D'Amario has been warned about frivolous filings, but I am making no recommendation on that score at this juncture. See also D'Amario v. United States, __ F.R.D.__, 2008 WL 235674 (June 5, 2008)( "[I]n light of the continuing frivolous filings, I place Arthur D'Amario, III on **notice** that filing restrictions "may be in the offing." Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir.1993). This represents the 'cautionary order' of which Cok speaks. Groundless and inappropriate filings will not be tolerated.")

Based upon the foregoing, I recommend the court deny D'Amario's in forma pauperis application. I would allow D'Amario until July 15, 2008, to pay the filing fee in its entirety, failing which I would recommend the court dismiss the case.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date June 26, 2008