UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. C.A. No. 8-241ML

ED ROY

MEMORANDUM

Plaintiff objects to the magistrate's R & R. He is seeking an order directing Defendant to turn over to him all case records and attorney work product, which belong to the ex-client. Hiatt v. Clark, 194 S.W.3d 324 (Ky. 2006). This legal dispute has dragged on for 8 years.

The first objection is assignment to Magistrate Kravchuk. Under 28 USC § 455(a), no judge within the Circuit may hear Plaintiff's matters. On record in Nos. 1-0097 and CR 99-024 is the documented proof, culled from USDOJ under FOIA, that Chief Judge Boudin in Dec. '01 colluded with Plaintiff's NJ prosecutors, in secret, to have his bond revoked at Camden. CJ Boudin reached out to NJ prosecutors on his own initiative to unlawfully leak Plaintiff's confidential Judicial Council letters to AUSA Goldklang. In a 3/6/03 letter to Plaintiff, CJ Boudin lied that he had never even received Plaintiff's letters and didn't know how Goldklang got them.

The entire Circuit must recuse, but won't.

On the issue of state action, the court prematurely, wrongly, and predictably speculated there is no state action. That is a question of fact requiring hearing - something this court can't understand. Private parties who conspire with state officials may be sued under 42 USC § 1983. Slotnick v. Staviskey, 560 F.2d 31 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978).

Regardless, ¶D at p. 3 of the Complaint alternatively pleads diversity jurisdiction under 28 USC § 1332(a), for Plaintiff - an unpopular person - has been "expelled" from RI by Judge Smith (whose law firm, coincidentally,

represented Attleboro police when they framed Plaintiff in 1998-99). Where, as here, the relief sought is injunctive, the value of the interest for which the plaintiff seeks protection determines the amount in controversy. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 125-26, 36 S.Ct. 30, 60 L.Ed. 174 (1915).

Plaintiff seeks access to police and court records, plus Defendant's personal notes. That evidence will provide him newly available evidence in support of postconviction petitions to be filed under 28 USC § 2244(b), RIGL § 10-9.1-1(a) and M.R.Crim.P. 30. Judge Irenas, in USA v. D'Amario, No. CR 1-346-JEI (D.N.J.), already found at sentencing 4/9/02 that Ed Roy committed malpractice at the sentencing phase of the RI cases in 2000. Roy has been obstructing Plaintiff's access to the files to avoid being deemed ineffective and incompetent by a local judge where Roy practices. The value of Plaintiff's interest in the property is priceless to an incarcerated person victimized by bad defense work.

Plaintiff can't acquire an up-to-date trust fund account because the prison ignores his formal requests for them. They're difficult to acquire. If that's really an issue, rather than another feeble excuse to protect Roy, the court can easily order it produced by a certain date and Plaintiff will show the order to prison staff.

Lastly, Plaintiff does not have any PLRA "strikes." He refers the court to the Rule 59(e) motion and Declaration with exhibits he filed July 18th in D'Amario v. Clerk, C.A. No. 8-11030-WGY (D.Mass.), which is pending. His exhibits prove conclusively that corrupt federal judges have been altering his original court files by criminal means, lying to cover up, and grossly distorting the substance of his claims to defeat him. Federal judges are a hybrid species of evil far beyond Hitler's dreams and part of a communist plot to nullify the Constitution. Plaintiff is their pawn and political prisoner who does everything right, never makes a procedural blunder, and even without process has enough evidence to support his causes. But no one can prevail in a game played with loaded dice. These cases were all fixed.

Moreover, federal judges pose a threat to Plaintiff's safety. They have openly authorized USMS, BOP and state police to continually beat him up, on the assurance that his court-assigned lawyers will lay down on cue. The PLRA contrived "strikes" are inadmissible. 28 USC § 1915(g).

Plaintiff, pro se,

Arthur D'Amario III